IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
UNITED STATES OF AMERICA : 3:10 CR 147 (JBA)
:
v. :
:
NORBERTO CASANOVA : DATE: FEBRUARY 16, 2011
:
---------------------------------------------------------x

RULING ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

Defendant was arrested on July 19, 2010, and initially detained without prejudice by agreement. (Dkts. ##53-54, 118). On August 31, 2010, defendant filed a Motion for Bond Hearing and a hearing was held before this Magistrate Judge on September 2, 2010, at which defendant was released on a non-surety bond in the amount of $50,000, with his girlfriend, Maria Maldonado, serving as third-party custodian and cosigner on the bond. (Dkts. ##189, 198-200). On January 18, 2011, the bond was modified, in order to permit defendant to visit relatives in New Britain. (Dkts. ##378, 396). Ten days later, defendant entered a guilty plea before this Magistrate Judge to Count One of the indictment, charging him with conspiracy to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. § 846. (Dkts. ## 433-40). At that time, defendant was continued on bond, by agreement.

On February 14, 2011, the United States Probation Office ["USPO"] filed the pending Petition for Action on Conditions of Pretrial Release (Dkt. #504), which alleges that shortly after midnight on February 6, 2011, defendant was arrested for assaulting Maldonado in their bed, by pushing her, striking her with a closed fist, and covering her mouth to prevent her from screaming, and causing her to be unable to breathe.

A hearing was held before this Magistrate Judge on February 14, 2011 (Dkt. #505),

1

at which the Assistant United States Attorney ["AUSA"] requested that defendant's bond be revoked, pursuant to 18 U.S.C. § 3143(a). Defense counsel requested that defendant's cousin, who resides in New Britain and who has no criminal record, be substituted as third-party custodian; the cousin was present in the courtroom.

The USPO then proffered that until this recent incident, defendant had been "fully compliant." However, defendant's previous criminal record from 2000-06 includes breach of peace, violation of probation, violation of a protective order, and two assaults. The USPO twice interviewed Maldonado, who no longer wishes to serve as her boyfriend's third-party custodian or cosigner on the bond.

Section 3143(a) provides that a defendant awaiting sentencing shall be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released. . . ." The violent nature of this current alleged offense, targeted at third-party custodian, is indeed troubling, particularly given defendant's previous criminal record, which includes violation of a protective order and two assaults. Defendant cannot come close to sustaining his burden under § 3143(a). [1]

Therefore, the USPO's Petition for Action on Conditions of Pretrial Release (Dkt. #504) and the Government's oral Motion to Revoke Conditions of Release are hereby **granted**.

---

[1] The same conclusion would be reached, even under the less onerous standard of 18 U.S.C. § 3148(b).

Dated at New Haven, Connecticut, this 16th day of February, 2011.

                                              <u>/s/ Joan G. Margolis, USMJ</u>
                                              Joan G. Margolis
                                              United States Magistrate Judge